(No. 5005-)

ROBERT WORDEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

BARASH AND STOERZBACH, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, Robert Worden, seeks recovery for loss of wages incurred when he was suspended and discharged

from his duties as a State Police Officer from October 4, 1958 until his reinstatement on August 16, 1961.

The facts of this case disclose that claimant was employed as an officer of the Division of State Highway Police of the Department of Public Safety from February 6, 1950 until October 4, 1958. On such date he was suspended from his duties as a State Police Officer for an indefinite period, pending disposition of charges filed by the State Police Merit Board. After a hearing before the Board on charges filed against claimant, he was discharged from the Illinois State Highway Police on March 23, 1959. He appealed the order of discharge to the Circuit Court of Bureau County, Illinois. That court adjudged the order of the State Police Merit Board to be erroneous, and reversed the decision and order of the Board. The Merit Board then appealed the Circuit Court decision to the Appellate Court of Illinois, Second District. On May 6, 1961, the Appellate Court affirmed the order and decision of the Circuit Court of Bureau County.

Upon demand by claimant to Mr. William H. Morris, Superintendent of the State Highway Police, he was reinstated to his position as an officer of the Division of State Highway Police on August 16, 1961.

The parties have agreed that the sum, which would have been paid to claimant had be not been suspended or discharged from October 4, 1958 to August 16, 1961, is $17,459.06.

This Court has held that, where a Civil Service employee is illegally prevented from performing his duties, and is subsequently reinstated to his position by a court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal with set-offs of any earnings during the time of removal.

(*Schneider* vs. *State of Illinois*, 22 C.C.R. 453 at 460; *Poynter* vs. *State of Illinois*, 21 C.C.R. 393; *Smith* vs. *State of Illinois*, 20 C.C.R. 202.) In the *Schneider* case and *Otto* vs. *State of Illinois*, No. 4744, this Court has further held that a claimant in this situation must do all in his power to mitigate damages.

In the instant case, claimant has testified and presented evidence in the form of full income tax returns showing that, after his suspension and discharge, he earned $857.25 during the remainder of 1958; $3,976.48 during 1959; and $2,941.47 during 1960. Claimant explained that his net income for 1961 until August 16 was only $5.08, since his earnings were offset by the losses incurred in the operation and sale of his service station. Claimant testified that he was required to dispose of the business upon reinstatement to the State Highway Police Department, because it is a departmental policy that an officer may not have a business interest in his own name, or have an active part in business interests.

It is the opinion of the Court that claimant has amply demonstrated his intent to mitigate his damages, despite the loss from the sale of his service station. He acted reasonably in obtaining a business, which could be expected to sustain himself and his family, and provide employment.

Claimant earned $7,780.28 during the period of his suspension. This amount will be used in mitigation of his claim of $17,459.06.

Claimant is hereby awarded the sum of $9,678.78.